ATTORNEY FOR PETITIONER:
**KERA L. PAOFF**
PAOFF & ROBINSON, LLC
Toledo, OH

ATTORNEYS FOR RESPONDENT:
**MARK E. GIAQUINTA**
GIAQUINTA LAW OFFICES LLC
Fort Wayne, IN

**NICHOLAS M. BRADY**
LEWIS WAGNER & TRIMBLE
Indianapolis, IN



FILED
Mar 13 2026, 3:06 pm

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, & REINFORCING IRON WORKERS' LOCAL UNION NO. 147 and IRON WORKERS' LOCAL 147 APPRENTICE FUND, <br><br> Petitioners, <br><br> v. <br><br> ALLEN COUNTY ASSESSOR, <br><br> Respondent. | Case No. 25T-TA-00004 |

## ON APPEAL FROM A FINAL DETERMINATION OF
## THE INDIANA BOARD OF TAX REVIEW

FOR PUBLICATION
March 13, 2026

MCADAM, J.

The International Association of Bridge, Structural, and Reinforcing Iron Workers'

Local No. 147 ("Local 147") and Iron Workers' Local 147 Apprentice Fund challenge the

Indiana Board of Tax Review's final determination which found that the International

Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers Local No.

147 Joint Apprenticeship and Training Trust Fund ("JATC") is not a school within the meaning of Ind. Code § 6-1.1-10-36.3(c)(2), therefore granting only a partial exemption from property taxation. (*See* Cert. Admin. R. at 1491 ¶ 65.) The parties agree that "the only issue in this case is a question of law: whether the [JATC] is a 'school' for purposes of applying the predominant use provision." (Cert. Admin. R. at 968 ¶ 20.)

With the agreement of the parties, this case was consolidated for purposes of oral argument with *IBEW Local 305, Inc. v. Allen County Assessor*, No. 25T-TA-00003 (Ind. Tax Ct. filed April 4, 2025). Because the issues on appeal and the legal arguments presented here are identical to those presented in *Local 305*, which the Court also hands down today, the Court finds it unnecessary to restate them here. Any factual differences between the cases are neither material nor dispositive to the disposition of this appeal.

For the reasons stated in *Local 305*, Court finds that Board erred by relying on an overly narrow definition of "school" which led to an improper application of the law. As in the *Local 305* appeal, there is substantial evidence in the record to support an inference that the JATC is a "school" similar to the evidence in *Local 305*. The Court therefore REVERSES and REMANDS the Indiana Board's final determination for reconsideration with the proper legal standard, as explained in *Local 305*.